Moss, Judge,
delivered the opinion of the court:
On August 4, 1917, the Government took possession of the yacht Venetia, owned by plaintiffs’ decedent, John D. Spreckels. It was delivered to the proper Navy authorities on that date at the Mare Island Navy Yard.
The vessel was acquired under the provisions of the act of June 15, 1917, which authorized the President, by the terms of subdivision (e) of said act, “ to purchase, requisition, or take over the title to, or the possession of, for use, or operation by the United States, any ship now constructed, or in the process of construction, or hereafter constructed, or any part thereof, or charter of any ship.”
It appears, however, from certain correspondence between .said Spreckels and the representatives of the Government that it was first the intention of the Secretary of the Navy to purchase his yacht outright, to which proposal decedent objected, expressing instead his preference for a suitable rental or hire for its use by the Government. This correspondence continued from a period prior to August 4, 1917, to October 20, 1917, on which date the Secretary ■ of the Navy in a letter to decedent said: “You are informed that the President has determined a just compensation for the acquisition by charter of the Venetia 8 P J¡S1 to be two thousand dollars ($2,000) per month for charter money, and in case of loss Avhile in the Government service a sum of one hundred and sixty-five thousand dollars ($165,000).”
*77 The Venetia was used in the Government service under this arrangement from the time she was taken August 4, 1917, until April, 1919, and $2,000 per month was paid to said Spreckels during that period.
All of the equipment adapted to its use as a pleasure craft was removed and boxed, crated, and stored for return to decedent at the end of its use by the Government.
In preparing the vessel for Navy service important structural changes were made, including the installation of a longer and heavier pilot house, gun platforms, magazine chambers, and the mounting of one gun.
Some time in March, 1919, the vessel was brought to Mare Island and without change of condition was tendered to decedent, who declined to accept it. Negotiations for the adjustment of the differences between him and the Government were unsuccessful. The Government caused an appraisal by the authorized board of appraisal, which board estimated and allowed the sum of $76,331.83 as the cost of restoring the yacht to the same condition and good order as when taken over, including the cost of replacing articles on board at the time the vessel was taken over and not on board when it was returned; and on March 28, 1919, the Secretary of the Navy directed the commandant of the twelfth naval district to return the vessel to the said Spreckels and to pay to him the sum of $76,331.83. This offer was declined by him on the ground that the allowance made by the Government was inadequate.
On September 20, 1919, after continuing efforts to reach an agreement, said Spreckels accepted the Government’s proposal to return the vessel and receive seventy-five per cent of the $76,331.83, reserving his right to assert his claim in this court for an amount which he might consider as just compensation.
Spreckels then proceeded to have the necessary repairs and work done for the purpose of restoring the vessel to its. former condition as a pleasure yacht. This work was completed at an alleged cost of $173,815.27, exclusive of certain, items alleged to be proper charges against the owner, and. not a part of the cost of restoring the vessel to its original, condition when taken over by the Government.
*78 Plaintiffs contend that the Government was under obligation to return the yacht in the same condition as when delivered to the Government, ordinary wear and tear excepted, and that they are also entitled to receive the $2,000 per month rental up to the time when such delivery was made.
This action is for the recovery of the difference between the amount received by said Spreckels on the award, being seventy-five per cent of said award and amounting to $57,248.87, and the amount claimed by plaintiffs as just compensation, $173,815.27, said difference amounting to $116,-566.40; and also rental at $2,000 per month from date of the last rental payment, April 7,1919, until the completion of the work of restoration, July 20, 1920, amounting to $30,838.71, or a total recovery of $147,405.11.
Spreckels was under no obligation to accept the return of the yacht in its condition when tendered by the Government. Pie was entitled to its return in the same condition as it was when taken over; and the offer to return the vessel equipped for Navy service, and to pay decedent the estimated cost of restoring it to its former condition did not relieve the Government of its original duty to restore the vessel and return it to him fitted and equipped as a pleasure yacht.
In regard to the claim of plaintiffs for the cost of reconditioning, it seems practically impossible to separate the cost of actual restoration from the amount of expenditures by decedent, properly chargeable to betterment and general improvements.
Plaintiffs are entitled to reasonable compensation for the loss of the use of said yacht from April, 1919, the date of the last rental payment, until such time as the work of actual reconditioning could, by the exercise of due diligence, have been accomplished, excluding from consideration the period during which the negotiations for the adjustment of the differences between decedent and the Government were in progress.
We are of the opinion that plaintiffs should recover as a just and proper allowance for cost of actual reconditioning and just compensation for loss of the use of said yacht as above predicated, the sum of $98,331.83, subject to a credit of *79 $57,248.87 paid to said decedent on September 20, 1919, or a net sum of $41,082.96.
It is therefore adjudged that plaintiffs recover the sum of $41,082.98. It is so ordered.
Graham, Judge; Hat, Judge; Booth, Judge; and Campbell, Chief Justice, concur.